UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


TAMMY WALLACE ET AL.                          CIVIL ACTION

VERSUS                                        NO. 09-4202

CHEVRON U.S.A., INC.                          SECTION "I" (2)


**ORDER ON MOTION**

APPEARANCES:  None (on the briefs)

MOTION:            Plaintiffs' Motion to Quash Notice of Deposition and for Sanctions,
                   Record Doc. No. 78

O R D E R E D:

 XXX :  GRANTED IN PART AND DENIED IN PART.  The motion is granted in that
the deposition is QUASHED.  The presiding district judge recently denied defendants'
motion to extend pretrial deadlines and continue the trial.  Record Doc. No. 71.  The
deadline for discovery and the completion of all depositions was November 15, 2010.
This deposition was both noticed and scheduled well after the deadline and is a
deposition "on short notice" under Fed. R. Civ. P. 32(a)(5)(A).

        A Rule 16 order "may be modified only for good cause and with the judge's
consent." Fed. R. Civ. P. 16(b)(4) (emphasis added).  In determining "good cause" in
connection with a Rule 16 scheduling order of the type that was entered in this case, the
court must weigh the following factors: (1) the explanation for the failure to comply, (2)
the importance of the matters that are the subject of the order, (3) potential prejudice in
allowing the requested action and (4) the availability of a continuance to cure such
prejudice.  Nunez v. United States Postal Serv., 298 F. App'x 316, 319 (5th Cir. 2008)
(district court did not abuse discretion in denying leave to designate experts beyond the
scheduling order deadline); Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875,
883-84 (5th Cir. 2004) (court did not abuse discretion in barring testimony of late-
designated expert witness); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d
320, 324 (5th Cir. 1998) (district court did not abuse discretion in denying leave to
designate expert and file expert report after deadline); Campbell v. Keystone Aerial

Surveys, Inc., 138 F.3d 996, 1000-01 (5th Cir. 1998) (district court abused discretion in allowing late-designated expert to testify at trial without having considered the four factors).

In this case, Dr. Jastram is not expressly listed as a witness on either side's witness list.[1] Record Doc. Nos. 33 and 34. Thus, she will not be permitted to testify at trial, without a showing of good cause. Regardless whether certain slides were or were not available for her to review, no persuasive explanation as to why she was not previously identified as a witness has been offered. Since she has not previously been listed as a witness, I cannot conclude that her testimony has any importance, while the potential prejudice of her late addition is substantial. As noted above, the district judge has already determined that no continuance is available. Thus, good cause for this late discovery has not been established.

The motion is denied as to the requests by both sides for sanctions awards. While defendant's late noticing of the deposition of a person who has not previously been identified as a witness was unjustified, plaintiffs' expert's conduct concerning the missing slides apparently prompting this late discovery attempt weighs against an award to plaintiff. Fed. R. Civ. P. 37(a)(5)(A)(iii).

New Orleans, Louisiana, this _____14th_____ day of December, 2010.


JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] I find that the vague, all-inclusive references to unidentified witnesses or medical care providers contained in the witness lists are wholly inadequate to qualify as sufficient witness disclosures. Fed. R. Civ. P. 26(a)(3)(A)(i). The witness lists were filed almost one year after the initial scheduling order was issued in this case. Defendant had more than adequate time to identify witnesses specifically for disclosure purposes.